Submitted on record and briefs May 16, affirmed August 11, reconsideration denied September 18, petition for review allowed November 10, 1980

WILLIAM GRISEL,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY, et al,
*Respondents.*

(No. 02-80-169, CA 17178)

614 P2d 1231

William Grisel, Salem, filed the brief for petitioner William Grisel, pro se.

James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondents.

[673]

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

BUTTLER, J., dissenting opinion.

## RICHARDSON, P.J.

Petitioner, an inmate at the Oregon State Penitentiary, was found guilty of violating a prison disciplinary rule prohibiting assault. On appeal he contends that the disciplinary committee improperly considered information from a confidential informant.

Inmate Smith was stabbed in the chest. A prison staff member filed a misconduct report alleging petitioner had stabbed Smith. The report stated:

> "I received information from an informant (eye witness) whose identity must remain anonymous as disclosure would jeopardize his personal safety and whose information has proven reliable in the past that you stabed inmate Smith, K. 41573. The eye witness, informant, said 'I saw Grisel stab Smith.' Inmate Smith received a puncture wound approximately 1/4" wide midway between navel and niple 1 1/2" left of center."

The state concedes that without the confidential informant's statement there would be insufficient evidence to support the committee's finding of guilt.

In essence, petitioner argues that admission of the informant's statement violated the holding in *Bartholomew v. Reed,* 477 F· Supp 223 (D Or 1979). In that case the United States District Court for Oregon held that the former Corrections Division rule, OAR 291-105-035(5)(e),[1] was unconstitutional.

---

[1] Former OAR 291-105-035(5)(e) provided:

"Information derived from unidentified informants may be considered by the disciplinary committee:

"(A) The disciplinary committee must find good cause to believe that an individual would be in jeopardy or at unusual risk of harm if his/her identity and statement were revealed.

"(B) The record must contain information from which the disciplinary committee can reasonably conclude that the informant's statement is reliable.

[675]

In discussing the confidential informant rule the court said:

"* * * It is clear that *Wolff [Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974)] contemplates a decision based on factual evidence presented to the disciplinary committee. * * *

"Part of the committee's task as a factfinder is to evaluate credibility and reliability of the evidence presented. This process is severly hampered if they are normally permitted (or required) to rely upon mere 'conclusory representations.' Because *Wolff* held that an inmate need not be given the opportunity to confront and cross examine adverse witnesses, it is especially important that the factfinders be presented with complete information on which to base their assessment of the informant's testimony. In order to properly consider the weight to be given to the testimony of informants, normally their identity or the exact nature of the information they have furnished, or both, ought to be revealed to the disciplinary committee. This does not, of course, mean that the informant's identity or the precise nature of his information must be revealed to the subject of the disciplinary proceeding. * * *" 477 F Supp at 228.

Following the decision in *Bartholomew v. Reed, supra,* the Corrections Division adopted a temporary rule which provides:

"(1) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant or the statement of the informant, or both, shall be revealed to the Hearings Officer.

"(2) Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at

---

"(C) Since experience shows that revealing the identity of the informant or his/her exact statement in the disciplinary process creates substantial risk that the informant's identity will be discovered and the informant placed in jeopardy, the disciplinary committee need not know the identity of the informant nor the exact statement to satisfy these standards, but may rely upon conclusory representations and a summary of evidence submitted by the recipient of the confidential information who must be identified."

issue." Administrative Order 19-1979 (Temp), VI (F)(1)(e).

The rule requires that identity of the informant or his statement be disclosed to the hearings officer and that the hearings officer be presented with information upon which to base a conclusion that the informant is reliable in this instance.

The misconduct report did not disclose the name of the informant; however, his exact statement was quoted, i.e., "I saw Grisel stab Smith." In addition, the report revealed that the informant was an eyewitness and that he had proven reliable in the past. This is sufficient to support a conclusion that the informant is reliable in this instance and the information ascribed to the informant was properly admitted.

Affirmed.

**BUTTLER, J.,** dissenting.

The question presented is not whether this court agrees with the federal court's decision in *Bartholomew v. Reed,* 477 F Supp 223 (D Or 1979), or whether the rule adopted by OSP designed to comply with the decision in *Bartholomew* is a good rule. Rather, the only question is whether OSP complied with its revised rule. Because I do not think OSP did comply with its new rule, I dissent.

Under the former OSP rule (quoted in note 1 to the majority opinion), the disciplinary committee could "rely upon conclusory representations" of the informant, and that is what was done here. However, even the former rule required that the record contain information from which the disciplinary committee can reasonably conclude that the informant's statement is reliable. The report in this case does not contain such information; it only recites that the informant has proven reliable in the past. It is at least questionable, then, whether OSP complied with its former rule.

The new rule, which the majority recognizes was adopted by OSP to conform to the federal court's decision in *Bartholomew,* was intended to require more disclosure than the former rule. It requires that "the statement of the informant," or his identity, must be revealed to the hearings officer. By putting the "conclusory representation" of the informant in quotes, that is, "I saw Grisel stab Smith," does not fulfill the requirement of the new rule that the "statement of the informant" be revealed to the hearings officer. At the very least, the statement of the informant should include a statement as to where he was on the date and at the time the incident occurred, and that the informant was in a position to see the incident. It is at least possible that if the informant were asked to say where he was on a given date at a given time (the date and time of the incident involved), it might be determined that he was someplace other than where the incident he claims he saw happen took place.

As matters stand, we only know that the officer who reported receiving information from the unnamed informant tells us that the informant says he was an eyewitness and that he saw Grisel stab Smith; the officer's report does not state that he had determined that the informant was, in fact, in the area at the time the incident occurred.

Although I recognize the delicacy of this kind of proceeding, more information is required by the new, and I think the old, rule than was supplied here. OSP must comply with its own rules, and because I do not think it did so here, I respectfully dissent.