Argued and submitted December 2, 1980, affirmed February 17, 1981

WILLIAM HARTMAN,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*

(No. 06-80-324, CA 18538)

623 P2d 681

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

### JOSEPH, P.J.

This matter is before us on a petition for judicial review of an order by which petitioner was adjudged guilty of assault after a disciplinary hearing. He assigns two errors, only one of which requires discussion.[1]

Petitioner contends that the committee failed adequately to substantiate the credibility of confidential informants pursuant to OAR 291-105-041(e).[2] The rule provides that the identity of the informant or the informant's statement be revealed to the hearings officer and that the hearings officer must have a basis for determining that the informant is *reliable.*

Although it is unclear whether the hearings officer knew the identity of the informants, the statements of the informants were disclosed and appear in the record. The reliability of the information was established by the fact that the informants were eyewitnesses, each description of the events was consistent with each of the other informants' descriptions, and the statements were accurate with respect to events which were not in dispute. Therefore, the informants' statements satisfied the rule.[3]

Petitioner relies on *Allen v. OSP,* 33 Or App 427, 576 P2d 831 (1978), which interpreted an earlier rule which required the record to show that the informant was both credible *and* reliable. The new rule, under which this proceeding was held, is different.[4] Under it the information

---

[1] The other claims that the disciplinary committee erred in failing to conduct an investigation pursuant to OAR 291-105-058(5)(a), which provides in part that "[a]n investigation shall be conducted upon the inmate's request ***." Petitioner made no request, artfully or inartfully *(Geddes v. OSP,* 26 Or App 303, 552 P2d 568 (1976)), for an investigation.

[2]

"(1) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant or the statement of the informant, or both, shall be revealed to the Hearings Officer.

"(2) Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

[3] Petitioner does not challenge the validity of the rule.

[4] *See Bartholomew v. Reed,* 477 F Supp 223 (D Or 1979).

supplied by the informants was properly considered. *See Grisel v. OSP,* 47 Or App 673, 614 P2d 1231, *rev allowed* (1980).

Affirmed.