Argued and submitted January 5, affirmed March 24,
U.S. certiorari denied October 5, 1981

## WILLIAM E. GRISEL,
*Petitioner,*
*v.*
## OREGON STATE PENITENTIARY et al,
*Respondents.*

(No. 02-80-169, CA 17178, SC 27277)

625 P2d 651

William Grisel in propria persona.

James Scott McAlister, Salem, argued the cause for respondents. With him on the brief were James M. Brown, Attorney General, Salem, and Walter L. Barrie, Solicitor General, Salem.

TANZER, J.

**TANZER, J.**

This is a prison disciplinary proceeding. The Court of Appeals affirmed the disciplinary order and we allowed review.

The proceeding was initiated by a misconduct report alleging that petitioner had stabbed one Smith at a specified time and place. The report stated:

> "I received information from an informant (eye witness) whose identity must remain anonymous as disclosure would jeopardize his personal safety and whose information has proven reliable in the past that you stabed [sic] inmate Smith, K. 41573. The eye witness, informant, said 'I saw Grisel stab Smith.' Inmate Smith received a puncture wound approximately 1/4" wide midway between navel and niple [sic] 1 1/2" left of center."

Petitioner denied his guilt and requested that certain witnesses be questioned in the expectation that they would establish his alibi. They were questioned and did not establish the alibi. He was found guilty upon the strength of the informant's statement contained in the misconduct report.

■ Petitioner's sole complaint is that the statement "I saw Grisel stab Smith" is insufficient to support the finding because it is a "conclusory statement" in that it does not state how or where the stabbing took place and therefore cannot be compared to the other evidence in the case. Reliance upon conclusory statements is impermissible, he argues, because it is inconsistent with the Corrections Division rule which was adopted pursuant to the order of the United States District Court in *Bartholomew v. Reed,* 477 F Supp 223 (D Or 1979). In that case, the court held the previous rule of the Corrections Division to be invalid because, among other reasons, it allowed the disciplinary tribunal "to rely upon mere 'conclusory representations.'" 477 F Supp at 228. The current pertinent rule provides:

> "(1)  When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant or the statement of the informant, or both, shall be revealed to the Hearings Officer.
>
> "(2)  Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the

informant is reliable in the case at issue." Administrative Order 19-1979 (Temp), VI(F)(1)(e).

The statement "I saw Grisel stab Smith" complies with requirement of the rule that "the statement of the informant * * * shall be revealed to the Hearings Officer." The statement is not conclusory; it is a statement of directly observed fact. The failure of the statement to refer additionally to time and place goes to its completeness, but it does not render the statement conclusory. Therefore, petitioner's contention fails.

In the Court of Appeals, Buttler, J., dissented on the ground that the misconduct report failed to comply with subsection (1) of the rule because the informant's statement did not include detail as to the location of the informant at the time of his observation. *Grisel v. OSP,* 47 Or App 673 at 677, 614 P2d 1231 (1980). In this respect, the petition for review is similar to the dissent in the Court of Appeals. Judge Buttler also would have held that the statement that the informant's information has proven reliable in the past is an insufficient showing of reliability to satisfy subsection (2), *ibid.* at 678, and the dissent in this court takes the same view, although that issue is not specifically raised in the petition for review.

■ This is not a constitutional case, or a statutory case. The question is whether the showing satisfies the Corrections Division rule. In the context of prison discipline, a showing that the prison officer knows that the information of the informant has proved reliable in the past is some evidence from which the hearings officer can find reliability. Particularly in light of the difficulties involved in protecting informants against retribution in a prison setting, we cannot hold that the agency's application of its rule was unlawful.

Finally, petitioner implies that the application of the new rule in this case does not satisfy the ruling of the United States District Court in *Bartholomew v. Reed, supra.* We defer to that court to determine whether the rule and order complies with its order.

Affirmed.

**LINDE, J.,** dissenting.

The rule adopted by the Corrections Division to provide due process in prison disciplinary procedures, as ordered by the United States District Court, provides as follows:

"(5) The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs:

"(a) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant or the verbatim statement of the informant, or both, shall be revealed to the Hearings Officer.

"(b) Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

OAR 291-105-041. The rule states two separate requirements before a hearings officer can order the punishment of a prisoner on hearsay information that is said to come from an unidentified informant. One requirement is that either the identity of the informant or the statement of the informant, or both, be revealed to the hearings officer. The second is that information must be submitted from which the *hearings officer* can find that the informant is reliable in the case at issue.

Each requirement has separate importance; disclosure of the informant's statement does not satisfy the rule without additional information to establish his reliability in the specific instance. This showing of reliability is necessary to compensate at least in part for the fact that the rule is designed to shield the informant, on whose sole allegations the accused may be punished, from crossexamination and even from identification to the hearing officer.

The Court of Appeals reached divided conclusions concerning the respondents' compliance with each of the two requirements. *Grisel v. OSP,* 47 Or App 673, 614 P2d 1231 (1980). It considered the second requirement, i.e. a showing that the informant was reliable in this case, satisfied because "the report revealed that the informant was an eyewitness and that he had proven reliable in the past." Judge Buttler dissented:

> "As matters stand, we only know that the officer who reported receiving information from the unnamed informant tells us that the informant says he was an eyewitness and that he saw Grisel stab Smith; the officer's report does not state that he had determined that the informant was, in fact, in the area at the time the incident occurred."

47 Or App at 678.

A report which merely states that the unidentified informant *says* that he was an eyewitness obviously tells the hearing officer nothing about the informant's reliability in making that statement. The bare, unadorned assertion that an informant was "reliable" on a past occasion does not give the hearing officer information upon which the *hearing officer can find* that the informant is reliable in the pending case, as the rule requires. Such an assertion does not describe the subject matter about which the informant was reliable, nor the time and circumstances of his prior statements that were deemed truthful and his relationship to those circumstances, or even how those prior statements proved to be truthful and reliable. The bare statement that an informant was reliable concerning an unidentified subject on an unidentified prior occasion simply asks the hearing officer to leave to the reporting officer the decision to believe the informant and therefore to believe the statement he is reported to have given that officer.

If that satisfied the rule, the provision for a hearing officer separate from the investigating officers would be a charade. But, of course, the rule is to the contrary.[1] Its provision that the *hearing officer* must take responsibility for "finding," upon adequate information, that the informant "is reliable in the case at issue" is meant to be taken seriously.

---

[1] The Corrections Division rule also provides:

"(2) Neither the Hearings Officer nor the Committee members shall or will have participated in the case as a charging, investigation or reviewing officer. Further, no person shall serve as a member of the Committee, Hearings Officer, or as an investigator, who was a witness to the commission of the alleged misconduct or has personal knowledge of any disputed material fact relating to the case being heard."

OAR 291-105-041.

This prisoner was sentenced to 12 months' segregation upon the hearsay report that an unidentified informant said "I saw Grisel stab Smith." I regret that the majority, in effect, sends this petitioner and others in his position back to the federal court to secure the due process that the rule was intended to provide and, if properly interpreted, would provide.

I would reverse.

Lent and Peterson, JJ, join in this dissent.