Argued and submitted May 27, reversed and remanded July 6, 1983

ROGER CROOK,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(10-82-298; A26697)

665 P2d 1246

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

### NEWMAN, J.

Petitioner, an inmate of the Oregon State Penitentiary, appeals a disciplinary order of the superintendent. The superintendent, after a disciplinary committee hearing, found that petitioner had committed an assault on a prison vocational instructor in violation of OAR 291-105-015(4).

Petitioner denied that he had committed the assault. He asserts that the evidence was insufficient, because the hearings officer did not obtain either the identities, or the verbatim statements, of the informants and failed to substantiate their reliability. OAR 291-105-041(5) provides:

"(5)  The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs:

"(a)  When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant or the verbatim statement of the informant, or both, shall be revealed to the Hearings Officer.

"(b)  Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

The rule addresses the circumstance in which a witness to a prison disciplinary violation is another prisoner who cannot testify safely or be identified. The rule was designed to approximate normal adjudicatory due process as closely as consistent with the risks of the prison setting. As stated by the court in *Shumway v. OSP*, 294 Or 462, 657 P2d 686 (1983):

"Subsection (5) states two separate requirements, both of which must be met. Even when the identity of the informant or the informant's verbatim statement is revealed to the hearings officer, as required by paragraph (a), paragraph (b) requires that information also must be submitted to the hearings officer from which that officer can find that the informant is reliable in the case at issue. The finding of reliability must be made by the hearings officer, not by the charging officer; it must relate to the 'case at issue'; and it must have a sufficient evidentiary basis in the information submitted to the hearings officer." 294 Or at 464-65.

The hearings officer found that petitioner committed the assault on the basis largely of the statements of unidentified informants who were prison inmates. Without evidence

of the statements obtained from the unidentified informants, the evidence that petitioner is guilty of the assault is insufficient.

OAR 291-105-041(5) requires that, if the identity of the informant is not described, "the verbatim statement of the informant * * * shall be revealed to the Hearings Officer." The verbatim statements of the several unidentified informants were not revealed to the hearings officer. In each instance the respondent supplied to the hearings officer only a condensed or edited version of the informants' statements.

The requirement in OAR 291-105-041(5) that the statement of an unidentified informant be "verbatim" is important to assist the hearings officer to determine the reliability of the informant.[1] Although respondent argues that the evidence was sufficient to support the determination of the hearings officer that the information supplied was reliable, we hold that, because statements of the unidentified informants

---

[1] The concurring opinion of Jones, J., in *Shumway v. OSP,* 294 Or 462, 468-71, 657 P2d 686 (1983) states:

"Since the United States Supreme Court decided *Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964), and *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969), the terms 'reliable' and 'credible' have achieved a degree of special meaning in the law when evaluating informant information. These cases use the term 'credible' to describe an informant who tells the truth, and the term 'reliable' to describe the factual basis for information or evidence provided by the informant. While I am not suggesting that the two-pronged constitutional test which has evolved from these two search warrant cases should be applied to prison disciplinary hearings, I note that the drafters of OAR 291-105-041(5) have performed a seeming aberration in the use of the terms 'reliable' and 'credible.' The drafters have reversed the usage found in 18 years of judicial decisions that have shaped and honed the meaning of these terms in a related area of the law. * * *

" * * * * *

"As can be readily seen, this administrative rule has reversed the terminology, requiring the hearings officer to find the informant 'reliable' and the information or evidence 'credible.' This inconsistency with past judicial definitions creates substantial confusion in applying the rule. Witnesses are 'credible,' not information or evidence. Determining the informer's veracity tests his 'credibility.' The 'reliable' standard tests what the informant based his conclusions upon and how the informant acquired the information. I find that 'reliable' in the prison disciplinary setting should mean the 'trustworthiness' of the information. Even if the hearings officer were to find that the informant had the credibility of the clergy, the hearings officer must still probe the reliability of the informant's conclusions: Upon what facts did the informant draw his conclusions? How were these facts obtained? What was seen or heard firsthand? Is there hearsay on hearsay involved?"

submitted to the hearings officer were not verbatim, the evidence to determine petitioner's guilt was insufficient.[2] ORS 421.195.

Reversed and remanded.

---

[2] OAR 291-105-041(5) also requires that the hearings officer find that the "informant is reliable in the case at issue." The hearings officer made no finding that any of the unidentified informants were reliable. *See also Shumway v. OSP, supra,* 294 Or at 464-65.