Argued and submitted November 21, 1986, affirmed February 11,
reconsideration denied May 22, petition for review pending 1987

STEPHEN BRANTON,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(02-86-017; CA A40095)

732 P2d 926

Stephen H. Gorham, Salem, argued the cause and filed the brief for petitioner.

David Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer,

Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner seeks judicial review of a final order of the Superintendent of the Oregon State Penitentiary, which found that he had violated Rule 14 by attempting to violate Rule 4 (Assault).[1] He asserts that there was insufficient evidence of a violation.[2]

In February, 1986, a confidential informant told a corrections officer that petitioner, along with two other inmates, had assaulted inmate Cutright. Specifically, the informant stated that the two other inmates held Cutright while petitioner inflicted a small cut on his neck with a razor blade. The hearings officer found the informant to be reliable. Petitioner denied that the incident had occurred. The hearings officer asked whether petitioner was willing to take a polygraph test, with the understanding that it would be used as evidence. Petitioner agreed. The polygraph examiner concluded that petitioner was not being truthful concerning the alleged assault.

Petitioner first argues that the confidential informant was unreliable and that his statement, therefore, should not have been considered. OAR 291-105-041(5) states the requirements imposed on a hearings officer for determining the reliability of an unidentified informant:

"(a) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant and the verbatim statement of the informant, shall be revealed to the Hearings Officer.

"(b) Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

The hearings officer relied on three confidential

---

[1] OAR 291-105-015(4) and (14) provide:

"(4) Assault: Except when absolutely necessary for self-defense, no inmate shall engage in a fight or intentionally inflict physical injury upon another person.

"* * * * *

"(14) Attempt: No inmate shall knowingly engage in conduct which constitutes a substantial step toward the intentional commission of a rule(s) violation. Attempt is an included charge in sections (3) through (12) of this rule."

[2] Petitioner's other assignment of error requires no discussion.

documents in making his finding that the informant was reliable. One was a memorandum from a training coordinator, which identified the inmate informant. Attached to the memorandum was a statement from the informant which stated that petitioner had held a razor blade to inmate Cutright's neck and made a small cut. The third document related past instances of the informant's having given reliable information. One of the instances described served to corroborate that petitioner had a motive to attempt an assault on Cutright. Those documents gave the hearings officer a sufficient basis to determine that the informant was reliable under OAR 291-105-041(5). *See Shumway v. OSP,* 294 Or 462, 657 P2d 686 (1983).

■ Petitioner also argues that the polygraph examination cannot properly be used as evidence, because he was not given an opportunity to view the results. It is not clear from the record whether, had he asked, petitioner would have been given the opportunity. The findings made by the hearings officer do not indicate that the polygraph test taken by petitioner was confidential. The polygraph examiner's report itself *is* marked "confidential." However, petitioner failed to request the polygraph results at any time during the hearing. He had the opportunity to make that request, and we decline to consider the argument for the first time on appeal.

■ Petitioner finally argues that it was improper to consider polygraph evidence at all for the same reasons that they are inadmissible when the rules of evidence are in effect, citing *State v. Brown,* 297 Or 404, 687 P2d 751 (1984). We disagree. In *Higley v. Edwards,* 67 Or App 488, 492, 678 P2d 775 (1984), we held that under ORS 183.450(1) (the standard for proffered evidence under the Administrative Procedures Act), "it is error to admit polygraph evidence *over the objection* of a party." (Emphasis supplied.) In this case, petitioner did not object; he agreed to take the polygraph with the understanding that it would be used as evidence.

Affirmed.