DONALD GRAHAM,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(02-86-016; CA A40006)

733 P2d 39

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

David Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer,

Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner seeks judicial review of a final order of the Superintendent of the Oregon State Penitentiary, which found that he had violated Rule 13, by conspiring to violate Rule 4 (Assault).[1] He asserts that there was insufficient evidence of a violation.[2]

In February, 1986, a confidential informant told a corrections officer that petitioner, along with two other inmates, had assaulted inmate Cutright. Specifically, the informant stated that petitioner and another inmate held Cutright while a third inmate inflicted a small cut on his neck with a razor blade. The hearings officer found the informant to be reliable. Petitioner denied that the incident had occurred. The hearings officer considered polygraph examinations of petitioner's co-conspirators, who had also denied the incident. He concluded from the results of those examinations that neither co-conspirator had been truthful.

Petitioner first argues that the confidential informant was unreliable and that his statement should not have been considered. We disagree. The hearings officer considered the same documents on the issue of the informant's reliability in this case as he did in the hearing of a co-conspirator. On review, we held that those documents gave the hearings officer a sufficient basis for determining that the informant was reliable under OAR 291-105-041(5). *Branton v. OSP,* 83 Or App 571, 732 P2d 926 (1987).

Petitioner next argues that the polygraph examiner's reports could not be considered, for the same reasons that they are inadmissible when the rules of evidence are in effect, citing *State v. Brown,* 297 Or 404, 687 P2d 751 (1984). Although it is error to admit polygraph evidence in an administrative hearing over the objection of a party, *Higley v. Edwards,* 67 Or App 488, 492, 678 P2d 775 (1984), petitioner made no objection to the evidence in the hearing. It was not error to consider the

---

[1] OAR 291-105-015(13) provides:

"Conspiracy: No inmate shall enter into an agreement with any person(s) to engage in or cause rule violation(s) and/or assist person(s) in committing or concealing the commission of rule violation(s)."

[2] Petitioner's other assignment of error requires no discussion.

evidence on the basis that is urged by petitioner.[3] *Branton v. OSP, supra.*

■■    Petitioner also argues that he could not be found in violation under a conspiracy theory, because there was no evidence of an "agreement." We disagree. The existence of an agreement essential to a conspiracy may be inferred from acts or conduct of alleged co-conspirators. *State v. Fancher,* 27 Or App 91, 555 P2d 792, *rev den* 276 Or 1051 (1976). The evidence in the record reveals that petitioner and another inmate held Cutright, while a third inmate held a razor blade to Cutright's neck. An agreement to do that may be inferred from the evidence.

Affirmed.

---

[3] Petitioner does not argue that the evidence was irrelevant.