Argued and submitted July 28, 1986, reversed and remanded for reconsideration
May 6, 1987

GARY W. ATKINS,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(11-85-010; CA A38677)

736 P2d 196

Gary D. Babcock, Public Defender, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Petitioner, an inmate at the Oregon State Penitentiary, seeks review of an order that he serve nine months in segregation after a finding that he had conspired to commit assault on another inmate in violation of a prison disciplinary rule. He asserts that he was denied due process under the Fourteenth Amendment and that respondent violated the administrative rules governing disciplinary proceedings, because inadmissible information from a confidential informant was considered by the referee. We reverse.

Respondent initiated this disciplinary proceeding on the basis of a prison guard's misconduct report:

"At 2:20 p.m. on 31 Oct 85 a confidential informant came forward and stated to me that an inmate who he called 'Sundance' was ringleader to a group of young lifers who were trying to make a name for themselves by keeping 'Rapos' off the Recreation Yard. My informant stated that this group, led by 'Sundance' had approached Inmate William Smith and told him to get off the Yard because he was 'next'. This comment was made in reference to a recent assault which took place on the Recreation Yard."

The guard submitted a confidential report to the hearings officer that identified the informant. A second guard submitted a supplemental report that substantiated the informant's reliability. Neither report contained any statement attributed to the informant.

Petitioner acknowledged at the hearing that he is known to other inmates as "Sundance" but denied involvement in the alleged conspiracy. He consented to a polygraph examination, and the examiner concluded that he was not truthful in his answers to questions regarding the incident.

OAR 291-105-041(5), as amended, provides:

"The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs:

"(a)   When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant and the verbatim statement of the informant, shall be revealed to the Hearings Officer.

"(b)   Information must be submitted to the Hearings

Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

The rule requires that both the informant's identity and the informant's verbatim statement be provided to the hearings officer.[1]

In *Crook v. OSP,* 63 Or App 837, 665 P2d 1246 (1983), we reversed a disciplinary order which was based, in part, on corroborative accounts of an assault offered by a group of confidential informants. In that case, neither the identity of the informants nor their verbatim statements were revealed to the hearings officer. Instead, prison guards had submitted affidavits summarizing the witnesses' statements. We stated:

"The requirement in OAR 291-105-041(5) that the statement of an unidentified informant be 'verbatim' is important to assist the hearings officer to determine the reliability of the informant. Although respondent argues that the evidence was sufficient to support the determination of the hearings officer that the information supplied was reliable, we hold that, because statements of the unidentified informants submitted to the hearings officer were not verbatim, the evidence to determine petitioner's guilt was insufficient." 63 Or App at 840. (Footnotes omitted.)

The recent amendment of the rule manifests an intention to place greater emphasis on the verbatim statement requirement.

The only statement attributed to the informant is in the passage already quoted from the guard's misconduct report. It appears to be in the character of a third party's summary and not a witness' verbatim statement. The record does not contain any other statement which was offered as having been made by the informant. Consequently, the hearings officer did not follow OAR 291-105-041(5)(a) in using the informant's statement. He should have disregarded the guard's misconduct report insofar as it recited the substance

---

[1] Subsection (5)(a) was amended in August, 1985; an earlier version provided:

"When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant *or* the verbatim statement of the informant, or both shall be revealed to the Hearings Officer." (Emphasis supplied.)

*See Shumway v. OSP,* 294 Or 462, 657 P2d 686 (1983). The violation in issue occurred in October, 1985, and hearings were held in November, 1985; consequently, the amended version of OAR 291-105-041(5) applies.

of the information given by the informant.

■ Respondent argues that there is sufficient evidence to corroborate the informant's statement and sufficient evidence to sustain the finding of guilty. The only substantive evidence that petitioner conspired to assault other inmates was the information ascribed to the informant. We have held that it is not admissible under OAR 291-105-041(5)(a); consequently, corroboration is irrelevant. Although the report of the polygraph examination of petitioner was admissible, because he did not object to admission, *Graham v. OSP,* 83 Or App 567, 733 P2d 39 (1987); *Branton v. OSP,* 83 Or App 571, 733 P2d 926 (1987), it serves only to discredit his testimony; it is not substantive evidence of the charge. There was not substantial evidence to support the finding.

Reversed and remanded for reconsideration.