Argued and submitted June 29, reversed in two cases and affirmed in three cases September 9, reconsideration denied as to CA A42345 and CA A42302 October 2, petition for review denied as to CA A42345 and CA A42302 October 27, 1987
(304 Or 280)

## CARLOS SOLAR,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(10-86-303; CA A42485)

Judicial Review from Oregon State Penitentiary.

## DUVAL C. NELSON,
*Petitioner,*

*v.*

## OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*

(8-222F; CA A42033)

Judicial Review from Oregon State Correctional Institution.

## TERRY LEE ZIMMERLEE,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(07-86-465; CA A42302)

Judicial Review from Oregon State Penitentiary.

## GEORGE TAYLOR,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(10-86-092; CA A42345)

Judicial Review from Oregon State Penitentiary.

TIMOTHY MERRIFIELD,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(10-86-226; CA A42408)

Judicial Review from Oregon State Penitentiary.

(Cases Consolidated for Opinion)

742 P2d 611

Gary D. Babcock, Public Defender, Salem, argued the causes and filed the briefs for petitioners.

Scott McAlister, Assistant Attorney General, Salem, argued the causes for respondents. With him on the briefs were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Kramer, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

Van Hoomissen, J., concurring in part; dissenting in part.

## JOSEPH, C. J.

We have consolidated these prison disciplinary cases because each presents the same issue: Is there sufficient evidence to corroborate unnamed informants' statements used by the hearings officers?

*Solar v. OSP* (A42485)

Petitioner was found to have violated the disciplinary rule against possession of dangerous contraband (heroin). OAR 291-105-015(7)(c). The hearings officer was given a written statement of a confidential inmate informant that he had seen petitioner handling and possessing heroin in the institution. The informant had passed a polygraph examination, and the hearings officer found him to be "credible." The hearings officer also found that heroin is a narcotic constituting dangerous contraband and that, on the basis of other "available information," petitioner had violated the contraband rule.

Petitioner asserts that the order should be vacated for lack of corroboration or remanded for further inquiry into the "reliability" of the informant's statement. The state argues that there is sufficient information in the record to support the hearing officer's finding of "reliability": (1) The informant was an eyewitness; (2) he passed a polygraph examination; and (3) there is a confidential report in the record that petitioner's mother was suspected of dealing in narcotics and was under investigation at the time.

The parties demonstrate the confusion surrounding the use of the terms "reliability" and "credibility." The rule requires that a hearings officer make a finding about an informant's "reliability"; the hearings officer in this case made a finding of "credibility." Petitioner asserts that the informant's *statements* are not "reliable"; but the state discusses the "reliability" of the *informant* and then cites an administrative rule that, as such, is not in existence any more. (OAR 291-105-041(1)(e)(2).)

OAR 291-105-041(5), provides:

"The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs.

"(a) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant and the verbatim statement of the informant shall be revealed to the Hearings Officer.

"(b) Information must be submitted to the Hearings Officer upon which the Hearings Officer could find that the informant is reliable in the case at issue."

Case law interpreting that rule has identified and perpetuated confusion over what the terms "credibility" and "reliability" mean when evaluating evidence from unnamed informants. *See Shumway v. OSP,* 294 Or 462, 466 n 1, 657 P2d 686 (1983); *see also* 294 Or at 468 (Jones, J., concurring); *Wiggett v. OSP,* 85 Or App 635, 640, 738 P2d 580 (1987). In *Shumway,* the concurring opinion points out that, historically, "credibility" has applied to people and "reliability" has applied to information and that the disciplinary rule reverses the two concepts.[1] On the other hand, ORS 133.545(4), regarding search warrant affidavits, expresses the need for establishing an unnamed informant's "reliability." Oregon case law interpreting the administrative rule has consistently referred to informants in terms of reliability and to the information that they provide in terms of crediblity. *Shumway v. OSP, supra; Branton v. OSP,* 83 Or App 571, 732 P2d 926 (1987); *Hartman v. OSP,* 50 Or App 419, 623 P2d 681 (1981); *but see Wiggett v. OSP, supra,* 85 Or App at 640.

No matter what the terminology, the cases analyze a confidential informant situation in a two-step process: First, is the informant a person who can be believed and, second, is the information provided in the particular case truthful? In this case, petitioner challenges the substance of the informant's accusations specifically. From that we infer that he is challenging only the sufficiency of the evidence to establish that the *information* is truthful and that he does not dispute that the hearings officer found the informant is a person who can be believed.

That the informant was an eyewitness is relevant to the believability of the information provided, if there is other

---

[1] *See Aguilar v. Texas,* 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964); *Spinelli v. United States,* 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969).

evidence that the incident occurred.[2] In *Hartman v. OSP, supra,* 50 Or App at 421, we upheld the use of unidentified informants' statements, in part because the informants were eyewitnesses but also because they had provided consistent descriptions of the events which were also accurate with respect to events not in dispute. In this case, the only evidence offered to corroborate the informant's statement that he saw petitioner in possession of heroin is the fact that petitioner's mother was under investigation for narcotics dealing. That fact has no direct probative effect on whether petitioner possessed heroin. The hearings officer's conclusion is not supported by substantial evidence and we, therefore, reverse. ORS 183.482(8); ORS 421.195.

*Nelson v. OSP* (A42033)

■     A hearings officer found petitioner guilty of violating the disciplinary rule against disruptive behavior (OAR 291-105-015(1)) by encouraging other inmates to take part in a sit-down strike. Petitioner argues that there is insufficient evidence to corroborate the informant's statements. The state contends that the "reliability" of the information is established by the informant's direct participation in the strike, by petitioner's failing a polygraph test in which he denied participation, by the informant's description of petitioner as the inmate who sold fake marijuana, which petitioner admits that he did, and by the informant's identifying petitioner as "Tony Moretti," which petitioner concedes is his real name.

Petitioner does not raise the issue of whether the informant is a person who can be believed; rather, his argument is that there is insufficient evidence to demonstrate that the information provided in this case is truthful. In *Hartman v. OSP, supra,* 50 Or App at 421, we found that the information provided by informants was believable, because they were both eyewitnesses, each informant's description of the events was consistent with the other's and the statements were accurate with respect to relevant events which were not in dispute. In this case, the informant claimed to have had conversations with petitioner regarding organizing the strike, which gives him eyewitness status. However, there is no second informant,

---

[2] *See Wiggett v. OSP, supra,* 85 Or App at 641.

as there was in *Hartman,* whose statements could be compared, and petitioner's failing the polygraph test cannot be used as affirmative evidence against him. *See Parker v. OSCI,* 87 Or App 354, 742 P2d 617 (1987). The informant's descriptions, in this case, that one of the strike organizers sold fake marijuana and that one of the organizers was Tony Moretti are consistent with facts that are conceded by petitioner but do not support his description of the *events* on which the disciplinary charge is based. We hold that there is insufficient corroborating evidence to show that the information which he provided in this case is believable.

*Zimmerlee v. OSP* (A42302)

Petitioner was found in violation of the disciplinary rule against assault.[3] OAR 291-105-015(4). A confidential inmate informant said that he saw petitioner in the prison hobby shop throw an unknown substance on inmate Kuhlmann and then set him on fire. Kuhlmann suffered serious burns to his upper body and head. That informant was found "credible" on the basis of his having passed a polygraph test and the fact that he was an eyewitness. Another confidential inmate informant stated that petitioner firebombed Kuhlmann by mixing rubber cement, thinner and contact cement to make "napalm." That informant was found to be credible, because he was an eyewitness. At least two inmate sources provided information that petitioner and Kuhlmann had been in a dispute over the workbench and property assigned to another inmate who had been barred from the hobby shop. An examination of petitioner's right arm after the incident showed that his hair was singed from the hand to a mid-point between the wrist and elbow.

Petitioner argues that there is insufficient evidence to corroborate the informant's statements. He specifically argues that a polygraph test is inadmissible. The state simply reasserts the facts stated in the hearings officer's order and concludes that the totality establishes "reliability." It also argues that the polygraph results are admissible.

■ *Wiggett v. OSP, supra,* 85 Or App at 640, determined that polygraph examination results are admissible in a prison

---

[3] A criminal investigation was going on at the time of the hearing.

disciplinary proceeding. The question remains, however, to what extent and for what purpose a hearings officer may rely on polygraph results. In *Wiggett,* we stated that the hearings officer was justified in relying on polygraph evidence as one basis for deciding that an informant was "credible." In choosing that award, we meant that the polygraph evidence could show that the informant was a person who could be believed. We also said that the fact that the informant was an eyewitness "certainly would not be relevant to the issue of the informant's *credibility* * * * but that it is certainly relevant to the *reliability* of the information [that] he had provided." 85 Or App at 641, *citing Shumway v. OSP, supra.* (Emphasis supplied.) We meant that the informant's eyewitness status would not be relevant to whether the informant was a person who could be believed but that it would not be relevant to whether the information was believable.

■ Common sense dictates that polygraph results also tend to support the believability of an informant's statements. In addition to the information provided by the informant, the hearings officer had other information: a consistent description of the events by a second informant; evidence that petitioner and Kuhlmann had been in a dispute before the assault; the injuries to Kuhlmann, which were consistent with the story; and the singed hair on petitioner's arm after the incident. Those facts sufficiently corroborate the informant's statements to demonstrate that the information provided in this case is believable.

*Taylor v. OSP* (A42345)

■ A confidential inmate informant stated that petitioner, in concert with Zimmerlee, attempted to get Kuhlmann to go to Zimmerlee's hobby shop bench a few minutes before Zimmerlee burned Kuhlmann. Petitioner was unsuccessful. He then returned to Zimmerlee's bench and began speaking to Zimmerlee while looking at Kuhlmann "every so often." He finally went over to the hobby shop supervisor, at which time Zimmerlee threw a substance onto Kuhlmann and lit it. An investigation revealed that the supervisor of the hobby shop was distracted by something or someone at the time of the incident and was looking in the opposite direction when the fire erupted. Petitioner admitted that he was at the supervisor's desk when the fire erupted and that he

had been speaking to him about a hobby shop catalog. The remainder of the hearings officer's findings of fact parallels these findings in *Zimmerlee v. OSP, supra.*

This petitioner also argues that there is insufficient evidence to corroborate the informant's statements. Given that limited assignment of error, all we need to decide is whether there is sufficient evidence in the record to demonstrate that the information provided in this case by the informant was entitled to be treated as truthful. Petitioner's own testimony is consistent with the informant's story. He admits that he was having a discussion with Zimmerlee a few minutes before and in the same area as the fire. He also admits that he was talking to the supervisor at the time of the incident. The informant's accusations were sufficiently corroborated.

## *Merrifield v. OSP* (A42408)

Petitioner seeks reversal of an order finding him in violation of the disciplinary rule against assault. OAR 291-105-015(4). The hearings officer received information from a confidential inmate informant, who had provided reliable information in the past, that petitioner had assaulted an inmate in front of the recreation yard TV room. The victim was treated for multiple contusions. The infirmary medical report indicated that the victim had stated that he was "hit from behind."

The hearings officer received a separate document which contained the identity and the complete statement of the inmate informant. He noted that the informant was an eyewitness and had provided information in the past which had led to the recovery of a weapon in the recreation yard. The officer found the informant to be "reliable" and "credible." He also determined that there was no information from which it could be concluded that petitioner's action against the victim was absolutely necessary for his own defense.

Petitioner argues that there is insufficient evidence to corroborate the informant's statements. In *Shumway v. OSP, supra,* 294 Or at 466, the court held that some evidence must be presented, other than the statement in the disciplinary report, that the informant had proven reliable in the past in order for a hearings officer to find that an informant is "reliable in the case at issue." The court further stated that

evidence that an informant has previously provided accurate information relates to whether the informant is giving accurate information in the case at issue. Previous accuracy bears on the determination of whether an informant is being accurate in this case, but it is not enough alone.

As to whether the informant here is a person who may be believed, the fact that he had given information in the past which had led to the recovery of a weapon satisfies the first step in the process. Petitioner's argument, however, only addresses the second step: Is the information provided in this case believable? The state argues that it is, because the informant was an eyewitness. That, alone, however, cannot establish believability. In *Hartman v. OSP, supra,* 50 Or App at 421, the information was determined to be believable because there were two informants, both of whom were eyewitnesses, and each description of the events was consistent with the other's description. In this case, there is only one eyewitness, but his statements are corroborated by the medical reports of the victim's injuries, which were consistent with his having been assaulted in the manner alleged.

Orders reversed in CA A42485 and CA A42033; orders affirmed in CA A42302, CA A42345 and CA A42408.

**VAN HOOMISSEN, J.,** concurring in part; dissenting in part.

I respectfully dissent from the majority's holding in *Solar v. OSP* and *Nelson v. OSP.* In *Solar,* I would find that the hearings officer's conclusion is supported by substantial evidence. Therefore, I would affirm the Superintendent's final order. The informant was an eyewitness. The hearings officer found that he was credible. He passed a polygraph examination, and petitioner did not object to the polygraph evidence. That is sufficient. *See Grisel v. OSP,* 290 Or 719, 625 P2d 651 (1981); *Wiggett v. OSP,* 85 Or App 635, 738 P2d 580 (1987); *Hartman v. OSP,* 50 Or App 419, 623 P2d 681 (1981).

In *Nelson,* I would also hold that the hearings officer's conclusion is supported by substantial evidence. Therefore, I would affirm the Superintendent's final order. The informant was an eyewitness. Petitioner does not raise the issue of whether the informant is a person who can be believed. Some of the informant's information is consistent

with facts that are conceded by petitioner. I would find that petitioner's failure to pass a polygraph examination is significant, especially when he does not challenge the examination or its result. *See Grisel v. OSP, supra; Atkins v. OSP,* 85 Or App 224, 228, 736 P2d 196 (1987); *Hartman v. OSP, supra.*[1]

I agree with the majority's results in *Zimmerlee, Taylor* and *Merrifield.*

---

[1] *Parker v. OSCI,* 87 Or App 354, 742 P2d 617 (1987), is factually distinguishable. In that case, the hearings officer relied *solely* on the fact that the petitioner (prisoner) had failed a polygraph examination in which he had denied participating in the conduct charged. We concluded that the examination results were not affirmative evidence that the petitioner acted as charged. I do not disagree with that conclusion. However, in this case, there are also the additional facts that the informant was an eyewitness, that petitioner does not argue that the informant is untruthful and that petitioner does not challenge the polygraph examination or its result. *See Atkins v. OSP, supra.*