Argued and submitted May 27, reversed and remanded for reconsideration
September 9, 1987

MICHAEL WILLIAM PARKER,
*Petitioner,*

*v.*

OREGON STATE
CORRECTIONAL INSTITUTION,
*Respondent.*

(8-101F; CA A42034)

742 P2d 617

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner, an inmate at the Oregon State Penitentiary, seeks review of an order finding him guilty of making false statements to staff members and of conspiring to promote and engage in disruptive behavior. He argues that the hearings officer's reliance on statements of a confidential informant violated both his rights to due process under the Fourteenth Amendment and the administrative rules governing disciplinary proceedings. It is apparent, however, on the face of the hearings officer's report, that the hearings officer did not rely on information provided by a confidential informant in reaching his decision.Rather, he relied solely on the fact that petitioner had failed a polygraph examination in which he had denied participating in the conduct charged. Although that aspect of the decision is not assigned as error, because we conclude that it is egregious error appearing on the face of the record, we take notice of it. ORAP 7.19(5).

Although the examination results might be evidence on which the hearings officer could rely to impeach petitioner's testimony, *see Wiggett v. OSP,* 85 Or App 635, 738 P2d 580 (1987), they are not affirmative evidence that petitioner acted as charged. *Solar v. OSP,* 87 Or App 222, 742 P2d 611 (1987); *Atkins v. OSP,* 85 Or App 224, 228, 736 P2d 196 (1987).

Reversed and remanded for reconsideration.