Argued and submitted May 29, reversed and remanded for reconsideration
November 12, 1987

## JESSE BILLINGS,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(08-86-097; A41612)

744 P2d 1331

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

David Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Warren, J., concurring.

## BUTTLER, P. J.

Petitioner seeks review of an order finding him guilty of violating a prison rule prohibiting assault. He contends that there is insufficient evidence to sustain that conclusion, because the hearings officer improperly found that information provided by confidential informants was credible and that the informants were reliable. We reverse and remand.

Petitioner was involved in a fight with another inmate, Chaffin, that occurred during lunch time in the inmate dining room. At his hearing, petitioner testified that Chaffin had stabbed him in the neck with a fork and that he then struck Chaffin in self-defense. Petitioner's version of the fight was supported by another witness. A guard who had witnessed the incident stated that both inmates had been aggressive but that petitioner had thrown the first punch.

The hearings officer also considered a confidential report that contained brief verbatim statements made by three named inmates who claimed to have been eyewitnesses to the fight. The hearings officer found:

"In substance, those eyewitness inmate statements served to establish an exchange of words, followed by [petitioner's] leaving his table, and hitting inmate Chaffin, followed by inmate Chaffin responding in like manner. Based upon their eyewitness accounting, the Hearings Officer finds said witnesses to be credible in the case at issue."

At the time of petitioner's hearing, OAR 291-105-041(5) provided:

"The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs.

"(a) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant and the verbatim statement of the informant, shall be revealed to the Hearings Officer.

"(b) Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

The hearings officer did not find that the informants were reliable. He found that they were credible. It is not clear to us whether he found that they were credible because they said

they were eyewitnesses or because, for example, they gave independent reports that were consistent with each other. As we pointed out in *Solar v. OSP*, 87 Or App 222, 742 P2d 611, *rev den* 304 Or 280 (1987), there has been continuous "confusion over what the terms 'credibility' and 'reliability' mean when evaluating evidence from unnamed informants." If the informants are persons who are known to be reliable, one may accept as true their statements that they were eyewitnesses. If they were eyewitnesses, they were in a position to see what they say they saw in the case at hand and their information can be believed.[1] *See Shumway v. OSP*, 294 Or 462, 657 P2d 686 (1983).

It may be that the hearings officer had sufficient information on which to find that the informants are reliable. He made no such finding.

Reversed and remanded for reconsideration.

**WARREN, J.,** concurring.

I concur in the result and reasoning of the lead opinion. I write only because I believe that the lead opinion still permits confusion concerning what is required by OAR 291-105-041(5), confusion which we attempted to eliminate in *Solar v. OSP,* 87 Or App 222, 742 P2d 611, *rev den* 304 Or 280 (1987). As we pointed out in *Solar,* there is confusion in the rule, perpetuated by case law, about the meanings of "reliability" and "credibility." We suggested:

> "No matter what the terminology, the cases analyze a confidential informant situation in a two-step process: First, is the informant a person who can be believed and, second, is the information provided in the particular case truthful?"

The failure to follow that two-step analysis and make findings hampers meaningful judicial review. The use of the terms "reliability" and "credibility" is unnecessary to the analysis.

We read the first sentence of the rule to mean that all evidence considered in a disciplinary proceeding must be such as would persuade a reasonable person to rely on it. That is a general standard of admissibility and would have the same meaning if "credibility" were deleted.

---

[1] We agree with the concurring opinion's elaboration of this point.

When unidentified informants' statements are offered, there is confusion as to the meaning of "reliability" in subparagraph (b) of the rule. We paraphrase it to say: "Information must be submitted to the hearings officer upon which [he] could find that the informant is [telling the truth] in the case at issue."

When an unidentified informant claims to be an eyewitness, whether he is telling the truth also involves two steps. A claim by an informant that he was an eyewitness proves nothing unless it is believed. Information must be submitted to the hearings officer from which he could find that that claim is true. *See, e.g., Hartman v. OSP,* 50 Or App 419, 623 P2d 681 (1981), where multiple informants independently related corroborating versions of events not in issue. If the hearings officer believes that the informant was in fact an eyewitness, that proves only that he had an opportunity to observe the events. It does not prove that he has related accurately what he saw. Evidence must be submitted from which the hearings officer can find that the information related in the case at issue can be believed.

In other words, in addition to the claim of eyewitness status, there must be supporting evidence that he was an eyewitness and that he has related accurately what he saw. The problem in this case is that we cannot tell whether the hearings officer found the informants "credible" (that is, that they were telling the truth) just because they claimed to be eyewitnesses or because they had a factual basis to believe he was and that he had told the truth about what they saw.