Submitted on remand from the Oregon Supreme Court November 17, 1987, affirmed February 24, reconsideration denied May 6, petition for review allowed June 7, 1988
(306 Or 78)

## STEPHEN BRANTON,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

## (02-86-017; CA A40095)

750 P2d 183

Stephen H. Gorham, Salem, for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Scott McAlister, Assistant Attorney General, and David Kramer, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman,* Judges.

WARDEN, P. J.

---

* Rossman, J., *vice* Young, J., deceased.

## WARDEN, P. J.

The Supreme Court vacated our decision, 83 Or App 571, 732 P2d 926 (1987), and remanded this case to us for further consideration in the light of *State v. Lyon,* 304 Or 221, 744 P2d 231 (1987). We affirm.

This is a review of a prison disciplinary proceeding. In our earlier opinion, we relied on our holding in *Higley v. Edwards,* 67 Or App 488, 492, 678 P2d 775 (1984) that, under ORS 183.450(1), it is error to admit polygraph evidence *over the objection* of a party. We concluded that, because petitioner did not object but agreed to take the polygraph with the understanding that it would be used as evidence, it was admissible. In *Wiggett v. OSP,* 85 Or App 635, 738 P2d 580, *rev den* 304 Or 186 (1987), we disapproved *Branton v. OSP, supra,* to the extent that it suggests that polygraph evidence is inadmissible in prison disciplinary cases over the objection of a party.

In *State v. Lyon, supra,* the Supreme Court held that

"polygraph evidence is inadmissible for any purpose in any legal proceeding subject to the rules of evidence under the Oregon Evidence Code, and henceforth [*sic*] its admission, *pursuant even to the parties' stipulation,* is error." 304 Or at 233. (Emphasis supplied.)

The only change in the law since *State v. Brown,* 297 Or 404, 687 P2d 751 (1984), which we cited in our former opinion, is emphasized in the above quote. *Brown* had left open the question whether polygraph evidence was admissible on stipulation. The holdings in *Lyon* and *Brown,* however, are limited to proceedings subject to the rules of evidence under the Oregon Evidence Code. This is not such a proceeding. *See* ORS 421.190. Because it is not, we conclude that nothing in *Lyon* requires a change of our previous holding that the polygraph evidence was admissible.

Affirmed.