Submitted on record and briefs February 21, reversed and remanded for
reconsideration May 10, 1989

JAMES REED,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
*Respondent.*

(09-87-298; CA A46207)

773 P2d 5

James Reed, Salem, filed the briefs *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister and Philip Schradle, Assistant Attorneys General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner, an inmate at the Oregon State Penitentiary, seeks review of an order finding that he attempted to engage in sexual activity with another inmate in violation of OAR 291-105-015(8). He challenges the hearings officer's reliance on statements from two confidential informants. We reverse and remand.

Respondent initiated this proceeding on the basis of a misconduct report that alleged:

> "Per confidential informant inmate Reed, James attempted to rape [another inmate] at 01:15 AM in the latrine of 2 West."

Petitioner denied the charges and contended that the allegations stemmed from a racial confrontation between him, the victim and other inmates. Relying on eyewitness accounts from two confidential informants, the hearings officer found that petitioner had taken a substantial step toward engaging in sexual activity.[1]

In his first two assignments of error, petitioner contends that the hearings officer did not comply with OAR 291-105-041(5), which provides:

> "The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs:
>
> "(a) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant and the verbatim statement of the informant, shall be revealed to the Hearings Officer.
>
> "(b) Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

He first argues that the hearings officer did not have verbatim statements from the informants. OAR 291-105-041(5)(a). He points to the absence of such statements in the misconduct

---

[1] Four confidential accounts were submitted to the hearings officer. However, only the two eyewitness accounts were mentioned in the findings. The hearings officer also found that there was insufficient information to sustain a separate allegation of assault and therefore recommended that the charge be dismissed. *See* OAR 291-105-015(4). That recommendation was accepted by the superintendent.

report and in the order as support for this contention. However, both informants submitted handwritten, signed statements that were provided to the hearings officer as confidential reports and are in the record.

■    Petitioner next argues that his Fourteenth Amendment right to due process was violated, because the hearings officer failed to find the confidential informants to be reliable. Although he presents his contention as a constitutional issue, we review the order under OAR 291-105-041(5)(b). We have defined that rule as imposing a two step analysis:

> "First, is the informant a person who can be believed and, second, is the information provided in the particular case truthful?" *Solar v. OSP*, 87 Or App 222, 226, 742 P2d 611 (1987).

The hearings officer must also make factual findings that support his conclusions. *Johnson v. EOCI*, 91 Or App 659, 662, 756 P2d 682 (1988). The hearings officer found the information provided by the informants to be "credible," *i.e.*, that it was truthful, because the informants were eyewitnesses and their accounts were consistent. However, he did not find the informants to be reliable, *i.e.*, that they could be believed, or find facts supporting such a finding.[2]

    Respondent nonetheless contends that reliability was established from the fact that the informants were eyewitnesses and that they provided consistent descriptions of the event which conformed to facts not in dispute. Although evidence of those facts may substantiate a finding of reliability, *see Hartman v. OSP*, 50 Or App 419, 421, 623 P2d 681 (1981), the hearings officer must still make findings of reliability *and*

---

[2] The hearings officer's findings on the confidential informants stated:

"2. The Hearings Officer was provided a written statement from the confidential inmate source stipulated in Finding #1. * * * The Hearings Officer finds that the confidential inmate source was an eyewitness to the incident, and as such considers his statements to be credible in the case. * * *

"3. An Oregon State Police Crime Report, dated September 10, 1987, authored by Detective Crawford, provided information which served to establish that a second confidential inmate source provided information which corroborated the statements provided by the first confidential inmate informant. The Hearings Officer was given the identity of the second confidential inmate source, as well as a written statement of the incident, and the method through which he obtained his information. The Hearings Officer finds his statements to be credible in the case at issue, based upon the aforementioned."

of the facts supporting this conclusion. *Billings v. OSP,* 88 Or App 231, 234, 744 P2d 1331 (1987).[3]

Reversed and remanded for reconsideration.

---

[3] Because of our disposition of this case, we need not review petitioner's remaining assignments of error.