Submitted on record and briefs December 10, 1992, affirmed July 14, 1993

DANIEL EDMONSON,
*Petitioner,*

*v.*

OREGON STATE PENITENTIARY,
CORRECTIONS DEPARTMENT,
*Respondent.*

(02-92-074; CA A73977)

855 P2d 1152

Daniel Edmonson, Salem, filed the brief *pro se*.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, Michael D. Reynolds, Assistant Attorney General, and Paul Migchelbrink, Certified Law Student, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,\* Judges.

De MUNIZ, J.

---

\* Leeson, J., *vice* Buttler, J., retired.

**De MUNIZ, J.**

Petitioner seeks review of a disciplinary order placing him in segregation for more than seven days. ORS 421.195. On February 10, 1992, a Department of Corrections internal affairs investigator submitted a "confidential" report containing evidence that petitioner was one of several inmates involved in a conspiracy to introduce narcotics into the Oregon State Penitentiary (OSP). Petitioner was served with a Misconduct Report alleging violation of three rules and, after a hearing, an order was issued on March 5, finding him guilty of conspiring to introduce narcotics into OSP. After petitioner filed for judicial review, respondent reopened the hearing and, on May 12, issued an order on reconsideration again finding that petitioner had violated the rule and imposing the same sanctions as in the original order.

Petitioner first argues that the original order was based on statements of confidential informants and that the officer made no findings that the informants were credible and reliable. See *Solar v. OSP*, 87 Or App 222, 742 P2d 611, *rev den* 304 Or 280 (1987). His position is that, although "the issued order on reconsideration has been sanitized to remove all written references to confidential informants," the findings are clearly based on the statements of those informants.

The order on reconsideration does not rely on confidential informants. The hearings officer found that petitioner received a package from his girlfriend when she visited him at OSP; petitioner thought that the package contained heroin; the girlfriend had followed petitioner's instructions to get the package from another woman; in turn, the other woman had received instructions concerning the contents and delivery of the package from two other inmates; after getting the package, petitioner had transferred it to one of those inmates, who discovered that the package contained coffee, not heroin.

The order provides the names of the inmates, petitioner's girlfriend and the other woman. That named woman provided information about the conspiracy. The findings are supported by the record, including a taped telephone conversation between petitioner and his girlfriend. The inferences from the conversation provide corroboration of petitioner's

involvement. The order does not rely on confidential informants, and the hearings officer was not required to make findings as to reliability and credibility. The findings are sufficient to allow the hearings officer to conclude that petitioner was involved in the conspiracy.

■ Petitioner also argues that the Misconduct Report is "legally insufficient" to provide him adequate notice of the nature of the charges. The notice is sufficient. The report states that petitioner was suspected of trafficking in narcotics inside of OSP and indicates the rules he was charged with violating.

The gravamen of petitioner's third assignment of error is that the disciplinary hearing procedure is flawed, because the "usual practice" does not permit inmates, including him, to see copies of the entire transcripts from which hearings officers take excerpts. He also contends that the procedure is flawed because hearings officers serve both as prosecutor and adjudicator.

■■ Petitioner does not cite any authority as to why he was entitled to see the transcripts. Inmates have no rights of confrontation, counsel or cross-examination. *Wolff v. McDonnell*, 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974). Furthermore, hearings officers for the Inspections Branch of the Department of Corrections only review and dispose of major misconduct reports and formal hearings. OAR 291-105-010(21). They may not be an eyewitness to the event, have personal knowledge of material disputed facts or have acted as an investigating officer. OAR 291-105-026(3). Petitioner has shown no violation of those provisions, nor provided any evidence to substantiate his general assertion that the officer here had predetermined his guilt.

Petitioner's remaining assignment of error does not merit discussion.

Affirmed.