Argued and submitted October 30, 1987, reversed and remanded for reconsideration
June 22, 1988

## MICHAEL JOHNSON,
*Petitioner,*

*v.*

## EASTERN OREGON CORRECTIONAL INSTITUTION,
*Respondent.*

(F 02-87-064; CA A43708)

756 P2d 682

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Kramer, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner seeks review of an order of the superintendent of Eastern Oregon Correctional Institution finding that he had assaulted another inmate. OAR 291-105-015(4), Rule 4. We reverse and remand.

The hearings officer found:

"1. At approximatly 7:15 AM, 2-19-87, in the EOCI kitchen, Inmates Langley #670 and [petitioner] had an argument about a food tray.

"2. At approximately 7:25 AM, 2-19-87, in the EOCI kitchen, [petitioner] struck Inmate Langley in the face with a closed fist. [Petitioner's] actions were not absolutely necessary for his self-defense and were meant to intentionally inflict physical injury upon Inmate Langley.

"3. Inmate Langley suffered several superficial lacerations and a large hematoma under the left eye.

"4. The Hearings Officer has information from a confidential informant in the case at issue. Revelation of this person's identity would jeopardize the welfare of the individual and the security of EOCI. Based upon the totality of evidence, it is reasonable to assume that the informant's testimony is credible in this case at issue.

"5. On 2-20-87, on Segregation Unit G-2, Officers Gary and Tenderella overhear [petitioner] make the following statement: 'If he had to do much time over that stupid fucker Langley, that he would fuck him up again after he gets out of seg.' "

Petitioner asserts that the only evidence linking him to the assault is the uncorroborated testimony of the confidential informant that he saw petitioner strike Langley. He further asserts that his counsel should have had an opportunity to review the confidential statement to meet the requirements of due process under the Fourteenth Amendment. We do not agree with either assertion.

OAR 291-105-041(5) states:

"(5)  The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs:

"(a)  When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant

and the verbatim statement of the informant shall be revealed to the Hearings Officer.

"(b)   Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue."

The rule provides an inmate with procedural due process if he is subjected to prison discipline on the basis of testimony of another inmate whose safety could be endangered if the hearings officer revealed his identity. *See Shumway v. OSP*, 294 Or 462, 464, 657 P2d 686 (1983). We have stated that the rule calls for a two-step process:

"No matter what the terminology, the cases analyze a confidential informant situation in a two-step process: First, is the informant a person who can be believed and, second, is the information provided in the particular case truthful?" *Solar v. OSP*, 87 Or App 223, 226, 742 P2d 611 (1987).

In *Billings v. OSP*, 88 Or App 231, 234, 744 P2d 1331 (1987), we emphasized that the hearings officer must make findings to support each step of the process, if we are to conduct meaningful review.

Here, the hearings officer's "assumption," based on the "totality of evidence," of the informant's "credibility" or "reliability" is insufficient. The hearings officer must make factual findings sufficient to support conclusions that the "informant was a person who can be believed" and that the information he provided "was truthful."[1]

Reversed and remanded for reconsideration.

---

[1] The hearings officer, at least in part, relied on evidence from the confidential informant to find that petitioner struck Langley with intent to inflict physical injury. Accordingly, we do not decide if the evidence, without the informant's statement, would be sufficient for the hearings officer to find that petitioner had violated Rule 4.